# **<u>EXHIBIT A</u>**



## Service of Process Transmittal Summary

**TO:**     Alana Kirby
Love's Travel Stops and Country Stores, Inc.
10601 N PENNSYLVANIA AVE
OKLAHOMA CITY, OK 73120-4108

**RE:**     **Process Served in Georgia**

**FOR:**    Love's Travel Stops & Country Stores, Inc.  (Domestic State: OK)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: TYRONE RAWLS // To: Love's Travel Stops & Country Stores, Inc. |
| **CASE #:** | SUCV2022000750 |
| **NATURE OF ACTION:** | Personal Injury - Failure to Maintain Premises in a Safe Condition |
| **PROCESS SERVED ON:** | C T Corporation System, Lawrenceville, GA |
| **DATE/METHOD OF SERVICE:** | By Process Server on 06/23/2022 at 12:01 |
| **JURISDICTION SERVED:** | Georgia |
| **ACTION ITEMS:** | CT will retain the current log |
| | Image SOP |
| | Email Notification,  Sarah Glick  sarah.glick@loves.com |
| | Email Notification,  Coree Stevenson  coree.stevenson@loves.com |
| | Email Notification,  Karolina Roberts  karolina.roberts@loves.com |
| | Email Notification,  Alana Kirby  alana.kirby@loves.com |
| | Email Notification,  Tricia Langley  tricia.langley@loves.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System |
| | 289 S. Culver St. |
| | Lawrenceville, GA 30046 |
| | 866-331-2303 |
| | CentralTeam1@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

SHERIFF'S ENTRY OF SERVICE

Civil Action No. SUCV2022000750

Superior Court ☑        Magistrate Court ☐
State Court ☐            Probate Court ☐
Juvenile Court ☐

Date Filed 06/16/2022

Georgia, BARTOW _____ COUNTY

Tyrone Rawls.

Attorney's Address

**Kristina Ducos, Esq.**
**The Ducos Law Firm**
**Alexander Shunnarah Trial Attorneys**
**600 Peachtree St NE, Suite 3710**
**Atlanta, GA 30308**

Plaintiff

VS.

Name and Address of Party to Served

Love's Travel Stops and Country Stores, Inc.

c/o C.T Corporation System

289 S. Culver St.
Lawrenceville, GA 30046

Love's Travel Stops and Country Stores Inc.
ABC Corporation, and John Doe

Defendant

Garnishee

## SHERIFF'S ENTRY OF SERVICE

### PERSONAL
I have this day served the defendant _____ personally with a copy of the within action and summons.

### NOTORIOUS
I have this day served the defendant _____ by leaving a copy of the action and summons at his most notorious place abode in this County.

Delivered same into hands of _____ described as follows: age, about _____ years; weight _____ pounds; height _____ feet and _____ inches, domiciled at the residence of defendant.

### CORPORATION
Served the defendant _Love Travel Stops and Country Stores Inc._ a corporation
by leaving a copy of the within action and summons with _Tiare Richardson_
In charge of the office and place of doing business of said Corporation in this County.

### TACK & MAIL
I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said affidavit and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

### NON EST
Diligent search made and defendant _____
not to be found in the jurisdiction of this Court.

This 2 3 day of June , 20 2 2 .

W. Caberly 501532

DEPUTY

**General Civil and Domestic Relations Case Filing Information Form**

☑ Superior or ☐ State Court of  Bartow                County

🖋 EFILED IN OFFICE
CLERK OF SUPERIOR COURT
BARTOW COUNTY, GEORGIA
**SUCV2022000750**

| For Clerk Use Only | JUN 15, 2022 08:37 AM |
|---|---|
| Date Filed 06-15-2022 | *Melba Scoggins* |
| MM-DD-YYYY     Case Number SUCV2022000750 | Melba Scoggins, Clerk Bartow County, Georgia |

**Plaintiff(s)**

RAWLS , TYRONE

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

**Defendant(s)**

LOVE'S TRAVEL STOPS AND COUNTRY STORES INC

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| ABC CORPORATION | | | | |
| Last | First | Middle I. | Suffix | Prefix |
| DOE, JOHN | | | | |
| Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix |

**Plaintiff's Attorney** Ducos, Kristina          **Bar Number** 440149          **Self-Represented** ☐

**Check one case type and, if applicable, one sub-type in one box.**

**General Civil Cases**
- ☐ Automobile Tort
- ☐ Civil Appeal
- ☐ Contract
- ☐ Contempt/Modification/Other Post-Judgment
- ☐ Garnishment
- ☑ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☐ Other General Civil

**Domestic Relations Cases**
- ☐ Adoption
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Dissolution/Divorce/Separate Maintenance/Alimony
- ☐ Family Violence Petition
- ☐ Modification
  - ☐ Custody/Parenting Time/Visitation
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____          _____
**Case Number**                    **Case Number**

☑ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

_____          **Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

# SUPERIOR COURT OF BARTOW COUNTY
## STATE OF GEORGIA

⚖ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
BARTOW COUNTY, GEORGIA

**SUCV2022000750**

JUN 15, 2022 08:37 AM

*Melba Scoggins*
Melba Scoggins, Clerk
Bartow County, Georgia

CIVIL ACTION NUMBER  <u>SUCV2022000750</u>

RAWLS , TYRONE

**PLAINTIFF**

**VS.**

LOVE'S TRAVEL STOPS AND COUNTRY
STORES INC , DBA LOVES TRUCK STOP
ABC CORPORATION
DOE, JOHN

**DEFENDANTS**

## SUMMONS

TO: LOVE'S TRAVEL STOPS AND COUNTRY STORES INC

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

**Kristina Ducos**
**THE DUCOS LAW FIRM**
**600 PEACHTREE ST NE**
**SUITE 3710**
**Atlanta, Georgia 30308**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 15th day of June, 2022.**

Clerk of Superior Court

*Melba Scoggins*

Melba Scoggins, Clerk
Bartow County, Georgia

**EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
BARTOW COUNTY, GEORGIA

**SUCV2022000750**

JUN 15, 2022 08:37 AM

Melba Scoggins, Clerk
Bartow County, Georgia

IN THE SUPERIOR COURT OF BARTOW COUNTY
STATE OF GEORGIA

| | |
|---|---|
| TYRONE RAWLS, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | )  **Civil Action File No:** _____ |
| | ) |
| LOVE'S TRAVEL STOPS AND | ) |
| COUNTRY STORES INC., | ) |
| ABC CORPORATION, and | ) |
| JOHN DOE | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

**DEMAND FOR JURY TRIAL**

## COMPLAINT FOR DAMAGES

COMES NOW, the Plaintiff, TYRONE RAWLS, by and through his counsel of record and files this Complaint for Damages against Defendants, LOVE'S TRAVEL STOPS AND COUNTRY STORES, INC., ABC CORPORATION, and JOHN DOE and shows this Honorable Court the following:

## PARTIES, JURISDICTION, AND VENUE

1.

Plaintiff, Tyrone Rawls (hereinafter referred to as "Plaintiff" or "Rawls") is a resident of the State of Georgia and is subject to the jurisdiction and venue of this Court.

2.

Defendant, Love's Travel Stops & Country Stores, Inc. (hereinafter referred to as "Love") is a Georgia Corporation authorized to transact business in the State of Georgia. Defendant Love may be served with Summons and Complaint as provided by law through its Registered Agent,

CT Corporation System whose address is 289 S. Culver St., Lawrenceville, GA 30046. Defendant Love is subject to jurisdiction and venue of this Court.

3.

Defendant Love owns and operates a truck stop located at 150 Old Allatoona Rd. SE, Emerson, GA, 30121.

4.

Jurisdiction and Venue are proper in this Court.

5.

Defendants ABC Corporation and John Doe are unknown and unidentified at this time.

### FACTS AND BACKGROUND

6.

Plaintiff re-alleges and incorporates herein the allegations contained in Paragraphs 1 through 5 above as if fully restated.

7.

On or about August 4, 2020, Plaintiff was an invitee at Defendant Love's truck stop located at 150 Old Allatoona Rd SE, Emerson, GA, 30121.

8.

Plaintiff was lawfully upon the premises for the purpose of conducting business, specifically he purchased some items from the convenience shop.

9.

After his purchase, Plaintiff began to walk back to his vehicle, but utilized a different path.

10.

Unbeknownst to Plaintiff, an oil spill that had not been marked and/or cleaned was within the path of the Plaintiff.

11.

Suddenly and without warning, as a result of oily substance on Defendant Love's premise, Plaintiff slipped and fell to the ground and suffered serious and permanent injuries as he walked back to his truck parked at the gas pump.

12.

An employee of Defendant Love came out following the fall to view the area.

13.

A crew member of Defendant Love immediately noticed oil on the ground and placed white powder to absorb the oil and then assisted Plaintiff.

## COUNT I: NEGLIGENCE OF DEFENDANT LOVE

14.

Plaintiff re-alleges and incorporates herein the allegations contained in Paragraphs 1 through 13 above as if fully restated.

15.

Under Georgia law, "where an owner or occupier of land, by express or implied invitation, induces or leads others to come upon his premises for any lawful purpose, he is liable in damages to such persons for injuries caused by his failure to exercise ordinary care in keeping the premises and approaches safe." O.C.G.A. § 51-3-1

16.

Defendant Love had a non-delegable duty to maintain safe premises to the Plaintiff and breached this duty.

17.

Defendant Love had actual and/or constructive knowledge of the hazardous substance, oil/grease which posed a hazard to invitees.

18.

There were no cones or warning signs in the area at the time of Plaintiff's fall.

19.

Defendant was negligent in failing to properly inspect the area where the fall occurred, in failing to remove the hazard from the ground, in failing to take adequate measures to protect invitees from substances on the ground and failing to keep its premises safe for invitees.

20.

At all times material hereto, the individuals responsible for inspecting, cleaning, and maintaining the area where Plaintiff fell were employed by Defendant and were acting within the scope of their employment.

21.

Defendant is responsible for the conduct of these individuals under the doctrine of *respondent superior*, agency or apparent agency.

22.

Defendant was negligent in failing to adopt appropriate policies and procedures to make sure that appropriate inspections, cleaning, and maintenance were performed on the premises, and in failing to train its employees concerning safety procedures for inspection, cleaning and maintaining the premises.

23.

Plaintiff lacked knowledge of the hazard despite his exercise of ordinary care.

24.

Defendant's negligent conduct is the sole proximate cause of the Plaintiff's fall and his resulting injuries.

25.

As the hazard was located near the fueling pumps and the hazard is a common one on this specific type of premises, the defendant owed a duty to inspect for hazards frequently.

**DAMAGES**

26.

Plaintiff re-alleges and incorporates herein the allegations contained in Paragraphs 1 through 25 above as if fully restated.

27.

As a result of the negligence and negligence per se of Defendant Love, Plaintiff has incurred medical expenses to date in the total amount of $60,921.54 or in a greater amount to be proven at trial.

28.

It is anticipated Plaintiff will incur future medical expenses in an amount to be proven at trial.

29.

As a result of the negligence of Defendant Love, Plaintiff has incurred general damages, including past, present and future mental and physical pain and suffering in an amount to be proven at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays:

(a) That process issue and Defendant Love, be served with the Summons and Complaint as provided by law;

(b) That the Plaintiff have judgment against Defendant Love, for his special damages, including past medical expenses in an amount to be proven at trial;

(c) That the Plaintiff have judgment against Defendant Love, for his future medical expenses in an amount to be proven at trial;

(d) That the Plaintiff have judgment against Defendant Love, for his general damages, including past, present and future mental and physical pain and suffering in an amount to be proven at trial;

(e) That judgment be entered against Defendant Love for all Court costs;

(f) That the Plaintiff have a trial by jury; and

(g) That the Plaintiff have such other and further relief as is just and proper.

This 15th day of June 2022.

Respectfully submitted,

THE DUCOS LAW FIRM, LLC
Alexander Shunnarah Trial Attorneys, of Counsel.

*/s/ Kristina Ducos*

*Kristina Ducos*
Georgia State Bar No. 440149
Attorney for Plaintiff

600 Peachtree St. NE, Suite 3710
Atlanta, Georgia 30308
O: (678) 628-2667
F: (470) 220-5130
Kducos@asllpc.com

**IN THE SUPERIOR COURT OF BARTOW COUNTY**
**STATE OF GEORGIA**

📧 **EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
BARTOW COUNTY, GEORGIA

**SUCV2022000750**

JUN 15, 2022 08:47 AM

*Melba Scoggins*
Melba Scoggins, Clerk
Bartow County, Georgia

| | |
|---|---|
| TYRONE RAWLS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| LOVE'S TRAVEL STOPS AND | ) |
| COUNTRY STORES INC., | ) |
| ABC CORPORATION, and | ) |
| JOHN DOE | ) |
| | ) |
| Defendants. | ) |
| | ) |

**Civil Action File No: SUCV2022000750**

## RULE 5.2 CERTIFICATE OF DISCOVERY MATERIALS

COMES NOW, Plaintiff, Tyrone Rawls., in the above styled action by and through its Counsel of

Record and certifies pursuant to Uniform Superior Court Rule 5.2 (2) that true and correct copies of:

- ***Plaintiff's First Interrogatories to Defendant Love's Travel Stops and Country Store Inc***

- ***Plaintiff's First Request for Production of Documents to Defendant Love's Travel Stops and Country Store Inc***

- ***Plaintiff's First Request for Admissions to Defendant Love's Travel Stops and Country Store Inc***

The referenced discovery has been served upon all parties to this matter at the same time of

service of the file stamped complaint for personal injuries and summons.

Dated this 15th day of June 2022.

Respectfully submitted,

THE DUCOS LAW FIRM, LLC
Alexander Shunnarah Trial Attorneys, of Counsel.

*/s/ Kristina Ducos*

*Kristina Ducos*
Georgia State Bar No. 440149
Attorney for Plaintiff

600 Peachtree St NE, Suite 3710
Atlanta, Georgia 30308
O: (678) 628-2667
F: (470) 220-5130

Kducos@asilpc.com

# IN THE STATE COURT OF BARTOW COUNTY

## STATE OF GEORGIA

|  |  |  |
|---|---|---|
| **TYRONE RAWLS,** | * | |
| | * | **Civil File** |
| **Plaintiff,** | * | **No.SUCV2022000750** |
| | * | |
| **vs.** | * | |
| | * | |
| **LOVE'S TRAVEL STOPS AND** | * | |
| **COUNTRY STORES, INC.,** | * | |
| **ABC CORPORATION, and** | * | |
| **JOHN DOE** | * | |
| | * | |
| **Defendants.** | * | **DEMAND FOR JURY TRIAL** |

## PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS

TO:   Love's Travel Stops & Country Stores, Inc.
        c/o CT Corporation System
        289 S. Culver St.
        Lawrenceville, GA 30046

        COMES NOW, Plaintiff, and hereby requests that Defendant Love's Travel & Country

Stores, Inc. admit for the purpose of this action the truth of the following facts within forty-five

(45) days after the date of service hereof and in conformity with O.C.G.A. § 9-11-36.  If any

request cannot be truthfully admitted or denied, please state in detail the reasons why you cannot

truthfully admit or deny the matter.  If you cannot admit or deny the request in its entirety, please

specify that part which you cannot admit or deny and state in detail the reasons for any such qualifications. If you assert any claim of privilege in response to any or all of these requests, set forth, with respect to each such request(s) as to which a claim of privilege is asserted, the nature of the privileged claimed (e.g. attorney-client, work-product, etc.) and the basis for your claim.

## REQUESTS FOR ADMISSION

1.

Please admit that on the date of the subject incident, Defendant was responsible for the operation of the Love's Travel Stops & Country Stores, Inc. identified in the Complaint.

2.

Please admit that Plaintiff was lawfully upon your premises on August 4th, 2020.

3.

Please admit that the Plaintiff was not negligent at the time of the subject incident.

4.

Please admit that the Defendant was negligent at the time of the subject incident.

5.

Please admit that Defendant and/or its employees are solely responsible for inspecting the grounds on the premises of the subject location.

6.

Please admit there is security video of the subject incident.

7.

Please admit that there is not security video of the subject incident.

8.

Please admit that Defendant has policies and procedures regarding preservation of

security video following a customer incident.

9.

Please admit that Defendant failed to follow its policies and procedures regarding preservation of security video following the subject incident.

10.

Please admit that there has been one or more slip and fall incidents on Defendant's premises in the five (5) years prior to the subject incident.

11.

Please admit that Plaintiff was injured as a result of the subject incident.

12.

Please admit that the Plaintiff has suffered a permanent injury as a result of the subject incident.

13.

Please admit that this court has personal jurisdiction over Defendant for the purposes of this lawsuit.

14.

Please admit that venue for the above styled action is proper in Bartow County, Georgia.

15.

Please admit that service of process on Love's Travel Stops & Country Stores, Inc. was proper.

16.

Please admit your employee cleaned a hazardous substance following Plaintiff's fall.

17.

Admit Defendant has no knowledge or experiences of the reasonableness of Plaintiff's medical bills for the treatment he received related to his injuries.

18.

Admit Plaintiff in no way contributed to the cause of his injuries.

19.

Admit Defendant is responsible for Plaintiff's future medical expenses for injuries sustained in this incident.

This 15th day of June 2022.

Respectfully submitted,

THE DUCOS LAW FIRM, LLC
Alexander Shunnarah Trial Attorneys, of Counsel.

*/s/ Kristina Ducos*

*Kristina Ducos*
Georgia State Bar No. 440149
Attorney for Plaintiff

600 Peachtree St. NE, Suite 3710
Atlanta, Georgia 30308
O: (678) 628-2667
F: (470) 220-5130

## CERTIFICATE OF SERVICE

This is to certify that I have this date served all parties listed below with the attached
PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO LOVE'S TRAVEL STOPS & COUNTRY STORES,
INC. by forwarding a copy along for service with the summons and complaint.

Love's Travel Stops & Country Stores,
Inc.
c/o CT Corporation System
289 S. Culver St.
Lawrenceville, GA 30046

This 14th day of June 2022.

Respectfully submitted,

THE DUCOS LAW FIRM, LLC
Alexander Shunnarah Trial Attorneys, of Counsel.

/s/ Kristina Ducos

*Kristina Ducos*
Georgia State Bar No. 440149
Attorney for Plaintiff

600 Peachtree St. NE, Suite 3710
Atlanta, Georgia 30308
O: (678) 628-2667
F: (470) 220-5130

## IN THE STATE COURT OF BARTOW COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| **TYRONE RAWLS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Civil Action File No: SUCV2022000750** |
| | ) | |
| **LOVE'S TRAVEL STOPS AND** | ) | |
| **COUNTRY STORES INC.,** | ) | |
| **ABC CORPORATION and** | ) | |
| **JOHN DOE** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**DEMAND FOR JURY TRIAL**

### PLAINTIFF'S FIRST INTERROGATORIES

TO:    Love's Travel Stops & Country Stores, Inc.
        c/o CT Corporation System
        289 S. Culver St.
        Lawrenceville, GA 30046

COMES NOW, Plaintiff, and serves upon Defendant Plaintiff's First Interrogatories, to be answered under oath and within forty-five (45) days from service hereof in accordance with O.C.G.A. § 9-11-33.

These Interrogatories shall be deemed continuing so as to require supplemental answers if you or your attorneys obtain further information between the time the answers are served and the time of trial. Any such supplemental answers are to be filed and served upon counsel for Plaintiff within thirty (30) days from the receipt of such information, but not later than the time of trial.

## **DEFINITIONS**

When used in these Interrogatories, the term "Defendants," or any synonym thereof, is intended to and shall embrace servants, representatives, private investigators, and others who are in a position of or may have obtained information for or on behalf of Defendants.

As used in these Interrogatories, the following words and phrases have the meanings set forth below.

(1) "You" and "your" means and refers to Defendants, the Defendants to whom these interrogatories are directed, and includes your agents, employees, insurance company and their agents and employees, your attorneys, investigators and anyone else acting on your or their behalf.

(2) The term "document" means and includes all correspondence, writings, records, memoranda, drawings, graphs, charts, photographs, motion pictures, videotapes, videodisks, audiotapes or other sound recordings, books, ledgers, financial records, checks, drafts, receipts, forms prescribed by government agencies, computer tapes, computer disks, computer printouts, photocopies, microfilm, microfiche, and any other data, sound, or image compilation or recording from which information regarding the described transactions can be obtained, translated if necessary by respondent through appropriate and necessary devices into reasonably useable and intelligible form.

(3) "Person" includes any individual, corporation, partnership, government, or business entity, and group of persons associated in fact although not a legal entity.

(4) "Identify" means the following:

(a) When used with respect to individuals, means to state the full name, address, telephone number, place of employment, job title and present whereabouts of such person;

(b) When used with respect to persons other than individuals, as the term "persons" is identified in (3) above, means to state the full name, address and telephone number of such "person" together with the name, address, telephone number and job title of the employee, agent, servant or representative of such "person" who has knowledge of the particular facts or possession, custody or control of the particular documents of which discovery is sought;

(c) When used with respect to documents, tangible objects, or other items of real or demonstrative evidence, means to list the items of which discovery is sought, describe them in specific detail (give an exhibit number for each if one has been assigned) and state the name, address and telephone number of the person who presently has possession, custody or control over each item of real or documentary evidence listed; and

(d) When used with respect to facts, circumstances or information, means to give a concise summary of the nature and substance of the facts, circumstances or information of which discovery is sought.

## **INTERROGATORIES**

1.

Please state the name, address, occupation and employer of any and all persons who answer these Interrogatories or who have provided information used in compiling the answers to these Interrogatories.

2.

Did Defendant conduct any inquiry, investigation, and/or risk management assessment of the subject incident? If so, please identify all persons involved in any manner and identify all documents generated by such inquiry.

3.

Please state the full name, last known address, and job title of each and every employee employed by Defendant and working at said location on the date of the incident as alleged in the Complaint.

4.

Please state the full name, last known address, job title, and employer of any and all persons/employees/agents known to have any information concerning the incident alleged in Plaintiff's Complaint.

5.

Have you, your agents, investigators, attorneys or anyone acting on your behalf obtained any kind of written, recorded, or other type of statement from the Plaintiff or any other persons identified in your Interrogatory answers? If so, please identify each statement by date, identity of the person giving the statement, and name of the current custodian of each statement.

6.

Describe in detail how the incident took place, including all actions taken by the Defendant to prevent the incident.

7.

If you contend that the Plaintiff acted in such a manner as to cause or contribute to the incident, give a concise statement of the facts upon which you rely in making said contention.

8.

If you contend any third-party acted in such a manner as to cause or contribute to the incident, give a concise statement of the facts upon which you rely in making said contention.

9.

Identify each insurance company, including liability carriers, excess carriers and umbrella coverages, which might be liable to satisfy all or part of any judgment which may be entered in this action, and for each insurer please state the following:

(a) Company name and address;

(b) Limits of liability coverage;

(c) Policy number;

(d) Name of insured; and

(e) Any coverage defenses raised by the insurer.

10.

Pursuant to the provisions of O.C.G.A. §9-11-26(b)(4)(A)(i), Defendant is requested to identify each person whom Defendant expects to call as an expert witness at trial, state the subject matter on which such expert is expected to testify, and state the substance of the facts and opinions to which the expert is expected to testify and the summary of the grounds of each opinion.

11.

Please state the full name, address, occupation and employer of any and all persons who have investigated this incident for on behalf of you, your attorneys, agents, insurance carrier, or any other entity.

12.

Please state the full name, address, occupation and employer of any and all persons

known to have knowledge of the subject incident and their relation to the Defendant if any.

13.

Please state the frequency of inspections of the area of the subject incident for the twenty-four (24) hours prior to the subject incident and identify the persons responsible for said inspections.

14.

Please state the frequency of inspections of the area of the subject incident for the twenty-four (24) hours after the subject incident and identify the persons responsible for said inspections.

15.

Is the name of the Defendant stated properly in the Plaintiff's Complaint? If not, please identify the proper entity as well as provide a history of any name changes for said entity.

16.

Please state whether or not the subject Defendant has experienced any other slip and fall incidents resulting in customer injuries in the five (5) years prior to the subject incident at the specific location referenced in the Complaint.

17.

If your answer to Interrogatory 16 is yes, please list the name, address, and telephone number for each and every individual involved in said incidents and describe the status of the individual and a general description of the incident itself. If you object to this interrogatory on grounds that it is unduly burdensome or oppressive, please substantiate the objection with evidence of the number of incidents responsive to this request.

18.

Please identify any and all lawsuits filed against Defendant as a result of slip and fall incidents for the past five (5) years. This should include the case style, the date of filing, and the Court in which said lawsuit was filed.

19.

Were any photographs, motion pictures, drawings, charts, diagrams, videos, or other visual depictions taken and/or produced of the scene of the incident or of the persons and/or premises where the incident occurred? If so, please state the date or dates on which such photographs, motion pictures, drawings, charts, diagrams or other visual depictions were taken/drafted/produced, the subject thereof, the identity of the person taking/drafting/producing them, and the present custodian of any and all such visual depictions?

20.

Did you identify any violations of your policies or procedures, contractual provisions, statutes, regulations, laws, industry standards and/or any other standards as a result of your review and investigation of the subject incident? If so, please identify all persons involved in such investigation and/or review and state in specific detail the nature of the violations and the persons who committed said violations.

22.

Please give the name(s), address(es), and occupation(s) of the person(s) with your company, or outside your company, who would have the most knowledge concerning the maintenance, cleaning and inspection of the floors on Defendant's premises as the time of the subject incident.

23.

Please give the name(s), address(es), and occupation(s) of the person(s) with your company, or outside your company, who would have the most knowledge concerning the store security video system, video preservation and accident investigation/reporting on the date of the subject incident.

24.

Describe in detail your inspection procedures for recognizing hazards on the premises, how the hazard is to be documented and cleaned, and how such documentation is to be maintained/preserved by the Defendant.

25.

Identify how many surveillance cameras were located on the premises on the date of Plaintiff's incident. This request also seeks for Defendant to identify any cameras that were not operating on the property on the date of the incident.

26.

Identify if an incident report documenting the incident with Plaintiff was created by any employee/Agent of the Defendant.

27.

Did the Defendant identify the hazardous substance on the ground to be oil/gas?

This 14th day of June 2022.

Respectfully submitted,

THE DUCOS LAW FIRM, LLC
Alexander Shunnarah Trial Attorneys, of Counsel.

/s/ Kristina Ducos

Kristina Ducos
Georgia State Bar No. 440149

Attorney for Plaintiff

600 Peachtree St. NE, Suite 3710
Atlanta, Georgia 30308
O: (678) 628-2667
F: (470) 220-5130
Kristina@Ducoslaw.com

# CERTIFICATE OF SERVICE

This is to certify that I have this date served all parties listed below with the attached **PLAINTIFF'S FIRST INTERROGATORIES TO LOVE'S TRAVEL STOPS AND COUNTRY STORES, INC.** by forwarding a copy along for service with the summons and complaint.

Love's Travel Stops & Country Stores
Inc.
c/o CT Corporation System
289 S. Culver St.
Lawrenceville, GA 30046

Respectfully submitted this 15th day of June, 2022.

THE DUCOS LAW FIRM, LLC

/s/ Kristina Ducos

*Kristina Ducos*
Georgia State Bar No. 440149
Co-Counsel for Plaintiff

600 Peachtree St. NE, Suite 3710
Atlanta, Georgia 30308
O: (678) 628-2667
F: (470) 220-5130
Kducos@asilpc.com

## IN THE STATE COURT OF BARTOW COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| **TYRONE RAWLS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Civil Action File No: SUCV2022000750** |
| | ) | |
| **LOVE'S TRAVEL STOPS AND,** | ) | |
| **COUNTRY STORES, INC.,** | ) | |
| **ABC CORPORATION and** | ) | |
| **JOHN DOE** | ) | |
| **Defendant.** | ) | |
| | ) | |

**DEMAND FOR JURY TRIAL**

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

TO:   Love's Travel Stops & Country Stores, Inc.
      c/o CT Corporation System
      289 S. Culver St.
      Lawrenceville, Georgia 30046

Plaintiff in the above-captioned case hereby requests Defendant to produce and permit Plaintiff, or someone acting on Plaintiff's behalf, to inspect and copy the following designated documents *(including writings, drawings, graphs, charts, photographs, and other data compilations from which information can be obtained or translated, if necessary, by the respondent through detection devices into a reasonably usable form)* or to inspect and copy, test or sample any of the following designated tangible things, which constitute or contain matters within the scope of Rule 26(b) of the Georgia Civil Practice Act, O.C.G.A. §9-11-26(b), and which are in the possession, custody, or control of the party on whom these requests are served.

The production of documents and things hereinbelow designated shall be made within forty-five (45) days from the date of service as provided by O.C.G.A. §9-11-34 at the law offices of The Ducos Law Firm, LLC, located at 600 W. Peachtree St., Suite, Atlanta, GA 30308.

Should any document or thing herein requested come into existence or become known to you or your attorney subsequent to your receipt of this request or subsequent to the inspection or other means of producing said documents or things hereinbelow requested, this request shall be deemed to be continuing in nature.

## DEFINITIONS

1.    These discovery requests are intended to cover all information and documents in your possession or control, or subject to your control, wherever located.

2.    The term "person[s]" means any natural person, firm, partnership, joint venture, corporation, or any judicial person, or any other legal entity.

3.    The words "document" and "documents" mean all written, recorded, or graphic matters, however produced or reproduced, whether or not privileged, pertaining in any way to the subject matter of this action. This definition includes, but is not limited to, any and all originals, copies, or drafts of any and all of the following: records, notes, summaries, schedules, contracts or agreements, drawings, sketches, invoices, orders or acknowledgments, diaries, reports, memoranda of telephone or in person conversations by or with any person, or any other memoranda, letters, telegrams, telexes or cables prepared, drafted, received or sent, tapes, transcripts or recordings, photographs, pictures or films, computer programs or data or other graphic, symbolic recorded or written materials of any nature whatsoever. Any document which contains any comment, notation, addition, insertion, or marking of any kind that is not of another document is to be considered a separate document.

4.    The words "concern," "concerns," or "concerning" include but are not necessarily limited to, containing, referring to, relating to, connected with, about, regarding, mentioning, discussing or describing.

5. You must make a diligent search of your records and of other papers and materials in your possession or available to you or your representatives. If any requested document cannot be produced in full, produce it to the extent possible, specifying the document or portion of documents being withheld and the reason the document is being withheld.

6. You are requested to indicate which documents are produced in response to each numbered request.

7. If you claim that the attorney-client privilege or any other privilege is applicable to any request, the substance of that event or information or document need not be disclosed in your answers, but you shall with respect to that document:

   a. State the date of the event or document;

   b. Identify each and every participant in the event or author of the document;

   c. Identify each and every other person who participated in the event or prepared or participated in the preparation of the document;

   d. Identify each and every person who received the document;

   e. Identify each and every person from whom the document was received.

   f. State the present location of the document and all copies thereof.

   g. Identify each and every person having custody or control of the document and all copies thereof; and

   h. Provide sufficient further information concerning the event, information or document and the circumstances thereof to explain the claim or privilege and to permit the adjudication of the propriety of that claim.

8. You are required to furnish all information that is available to you or subject to your reasonable inquiry, including information in the possession of your agents, attorneys,

accountants, advisors or other persons directly or indirectly employed by or in connection with, you or your attorneys, and anyone else otherwise subject to your control.

9.    The term "knowledge" means first-hand information and/or information derived from any other source including hearsay knowledge.

10.   The term "communication[s]" means all communications of any nature whatsoever, whether oral or in writing.

11.   The term "gender" shall include the male as well as the female, and the singular pronoun shall include the plural.

12.   Each of the following requests is continuing in nature.  In the event that Defendant, at any later date, shall obtain any fact, make any assumption or contention, reach any conclusion or opinions different from or supplementary to those set forth in the answers to these requests, then in such event Defendant should amend said answers promptly and sufficiently prior to trial or test, fully setting forth such information.

13.   In answering these Requests you are advised of the following definitions: the words "SUBJECT INCIDENT," "SUBJECT ACCIDENT," "ACCIDENT," "SLIP AND FALL" and "FALL" shall be deemed to mean the slip and fall incident alleged in the Plaintiff's complaint that occurred on or about August 4th, 2020.

## DOCUMENTS REQUESTED

1.  Any and all statements made by any witnesses to the subject incident.

2.  A true and correct copy of any and all statements made by the Plaintiff pertaining to or concerning the subject incident.

3.  Digital copies of any and all photographs of the area where the subject incident took place.

4.  Digital copies of any and all videos or photographs taken of the Plaintiff at any time.

5.  All security videos from the entire date of the subject incident, to include both the interior and exterior security cameras of the store/premises.

6.  A layout of the subject premises to include the location of all active security cameras.

7.  A blank copy of the Incident and/or Accident Report in use on the date of the subject incident.

8.  The original, completed Incident and/or Accident Report for the subject incident.

9.  A true and correct copy of any and all documents that show the names, job duties, time, and hours worked for all staff on duty on the date of the subject incident.

10. Please produce, as hereinabove requested, any and all reports, whether written or otherwise recorded, made by any expert or experts who have been retained or otherwise employed by Defendant in anticipation of litigation or preparation for trial in this action.

11. A true and correct copy of any and all time sheets, clock cards, or any other documents showing the hours and time worked by any employees with responsibilities for inspecting the premises for dangerous conditions, cleaning up dangerous conditions, or maintaining the premises in any way for one (1) week prior to the subject incident and one (1) week subsequent to the subject incident.

12. All employee files for any employees with knowledge of the subject incident and/or facts related to the incident. This request is not intended to disclose any confidential and/or private information and should exclude any and all social security numbers, payroll information, and personal addresses. This request only seeks all training documentation, disciplinary information, and job applications and/or resumes contained within the requested personnel files.

13. All personnel files for any employees with knowledge of and/or involvement in the investigation of the subject incident.

14. All personnel files for any loss prevention and/or asset protection employees with knowledge of the subject incident and/or investigation.

15. All personnel files for any employees with knowledge of the store security camera system in place at the time of the incident.

16. A true and correct copy of any documents related to any disciplinary action taken as a result of the subject incident.

17. A true and correct copy of any and all employee handbooks and/or manuals provided to Defendant's employees prior to the subject incident.

18. A true and correct copy of any and all policies, procedures, training materials, training modules, correspondence, memoranda, notices, bulletins, computer based training, videos, and/or any other documents disseminated to Defendant's employees related to the inspection of the Defendant's premises and floors for dangerous conditions, the maintenance and/or cleaning of the floors, safety precautions, spill prevention, and the maintenance of Defendant's coolers and/or refrigeration systems applicable to the subject premises at the time of the subject incident.

19. A true and correct copy of any and all policies, procedures, training materials, training modules, correspondence, memoranda, notices, bulletins, computer-based training, videos, and/or any other documents pertaining to accident investigation, accident reporting, loss prevention and/or risk management in effect at the time of the subject incident.

20. A true and correct copy of any and all policies, procedures, training materials, training modules, correspondence, memoranda, notices, bulletins, computer-based training, videos,

and/or any other documents pertaining to the operation, maintenance, review, repair, and preservation of the store security footage on the date of the subject incident.

21. A true and correct copy of any and all documents relating to inspections, maintenance, and/or store cleanings that may have been done on the date of the date of the subject incident for the area of the Plaintiff's fall.

22. A true and correct copy of any and all inspection sheets/and or other documents for inspections of the subject premises' flooring for one (1) week prior to the subject incident.

23. A true and correct copy of any and all contracts and agreements with any entity used by Defendant with any responsibilities for inspecting and/or cleaning and/or maintaining and/or repairing Defendant's premises for dangerous conditions or for training your employees about such.

24. A true and correct copy of any and all documents evincing the job responsibilities, duties, and/or description for any employees responsible for investigating or maintaining the area of the subject incident.

25. A true and correct copy of any and all documents evincing the job responsibilities, duties, and/or description for any employees involved in the investigation of the subject incident.

26. Any and all documents you rely on in alleging that any third party may be liable and/or responsible for the subject incident in any way.

27. Any and all documents related to any prior similar incidents at the subject location for the five (5) years prior to the subject incident. This should include any and all incident reports created in the normal course of business.

28. Any and all documents related to any prior workers compensation claims involving falls on transitory foreign substances at the subject location for the five (5) years prior to the subject incident.

29. Minutes of any and all safety meetings for the year preceding the subject incident.

30. Minutes of any and all safety meetings for the year following the subject incident.

31. A true and correct copy of any and all studies, articles, memos, briefings, correspondence, and/or any other documents related to the risks and/or hazards of slips, trips, and/or falls in your custody or control before the date of the subject incident.

32. All insurance declaration pages and insurance policies, including all addendums, endorsements, exclusions and riders, available for the losses sustained in this case (including self-insured retention, liability, excess, umbrella, excess umbrella or any other form of secondary coverage) and all reservation of rights letters sent by any insurer.

33. A true and correct copy of any and all correspondence sent or received related to the subject incident.

34. Any and all surveillance video and/or photographs made of the Plaintiff at any time following the subject incident.

35. A true and correct copy of any and all industry standards (ANSI, OHSA, etc.) relied upon by the Defendant in developing and/or creating any of the training materials, modules, learning programs, policies, procedures, or other document responsive to any of the Requests for Production or Interrogatories in this matter.

36. Please produce all photos, video and postings of or concerning the Plaintiff that have been obtained from the internet, including without limitation websites such as Facebook, Instagram, Twitter, LinkedIn.

This 14th day of June 2022.

Respectfully submitted,

THE DUCOS LAW FIRM, LLC
Alexander Shunnarah Trial Attorneys, of Counsel.

*/s / Kristina Ducos*

*Kristina Ducos*
Georgia State Bar No. 440149
Attorney for Plaintiff

600 Peachtree St. NE, Suite 3710
Atlanta, Georgia 30308
O: (678) 628-2667
F: (470) 220-5130

# CERTIFICATE OF SERVICE

This is to certify that I have this date served all parties listed below with the attached **PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO LOVE'S TRAVEL STOPS & COUNTRY STORES, INC.** by forwarding a copy along for service with the summons and complaint.

Love's Travel Stops & Country Stores, Inc.
c/o CT Corporation System
289 S. Culver St.
Lawrenceville, GA 30046

This 15th day of June 2022.

Respectfully submitted,

THE DUCOS LAW FIRM, LLC
Alexander Shunnarah Trial Attorneys, of Counsel.

*/s / Kristina Ducos*

*Kristina Ducos*
Georgia State Bar No. 440149
Attorney for Plaintiff

600 Peachtree St. NE, Suite 3710
Atlanta, Georgia 30308
O: (678) 628-2667
F: (470) 220-5130
Kducos@asilpc.com

## IN THE SUPERIOR COURT OF BARTOW COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| **TYRONE RAWLS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Civil Action File No: SUCV2022000750** |
| | ) | |
| **LOVE'S TRAVEL STOPS AND,** | ) | |
| **COUNTRY STORES, INC.,** | ) | |
| **ABC CORPORATION and** | ) | |
| **JOHN DOE** | ) | |
| **Defendant.** | ) | |
| | ) | |
| | | **DEMAND FOR JURY TRIAL** |

### PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

TO:     Love's Travel Stops & Country Stores, Inc.
        c/o CT Corporation System
        289 S. Culver St.
        Lawrenceville, Georgia 30046

Plaintiff in the above-captioned case hereby requests Defendant to produce and permit Plaintiff, or someone acting on Plaintiff's behalf, to inspect and copy the following designated documents *(including writings, drawings, graphs, charts, photographs, and other data compilations from which information can be obtained or translated, if necessary, by the respondent through detection devices into a reasonably usable form)* or to inspect and copy, test or sample any of the following designated tangible things, which constitute or contain matters within the scope of Rule 26(b) of the Georgia Civil Practice Act, O.C.G.A. §9-11-26(b), and which are in the possession, custody, or control of the party on whom these requests are served.

The production of documents and things hereinbelow designated shall be made within forty-five (45) days from the date of service as provided by O.C.G.A. §9-11-34 at the law offices of The Ducos Law Firm, LLC, located at 600 W. Peachtree St., Suite, Atlanta, GA 30308.

IN THE SUPERIOR COURT OF BARTOW COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| **TYRONE RAWLS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Civil Action File No: SUCV2022000750** |
| | ) | |
| **LOVE'S TRAVEL STOPS AND** | ) | |
| **COUNTRY STORES INC.,** | ) | |
| **ABC CORPORATION and** | ) | |
| **JOHN DOE** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**DEMAND FOR JURY TRIAL**

**PLAINTIFF'S FIRST INTERROGATORIES**

TO:   Love's Travel Stops & Country Stores, Inc.
      c/o CT Corporation System
      289 S. Culver St.
      Lawrenceville, GA 30046

COMES NOW, Plaintiff, and serves upon Defendant Plaintiff's First Interrogatories, to be answered under oath and within forty-five (45) days from service hereof in accordance with O.C.G.A. § 9-11-33.

These Interrogatories shall be deemed continuing so as to require supplemental answers if you or your attorneys obtain further information between the time the answers are served and the time of trial. Any such supplemental answers are to be filed and served upon counsel for Plaintiff within thirty (30) days from the receipt of such information, but not later than the time of trial.

## IN THE SUPERIOR COURT OF BARTOW COUNTY

## STATE OF GEORGIA

|  | |  |
|---|---|---|
| TYRONE RAWLS, | * | |
| | * | Civil File |
| Plaintiff, | * | No.SUCV2022000750 |
| | * | |
| vs. | * | |
| | * | |
| LOVE'S TRAVEL STOPS AND | * | |
| COUNTRY STORES, INC., | * | |
| ABC CORPORATION, and | * | |
| JOHN DOE | * | |
| | * | |
| Defendants. | * | DEMAND FOR JURY TRIAL |

## PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS

TO:   Love's Travel Stops & Country Stores, Inc.
c/o CT Corporation System
289 S. Culver St.
Lawrenceville, GA 30046

COMES NOW, Plaintiff, and hereby requests that Defendant Love's Travel & Country

Stores, Inc. admit for the purpose of this action the truth of the following facts within forty-five

(45) days after the date of service hereof and in conformity with O.C.G.A. § 9-11-36.  If any

request cannot be truthfully admitted or denied, please state in detail the reasons why you cannot

truthfully admit or deny the matter.  If you cannot admit or deny the request in its entirety, please

## IN THE SUPERIOR COURT OF BARTOW COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| TYRONE RAWLS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action File No: SUCV2022000750 |
| | ) | |
| LOVE'S TRAVEL STOPS AND | ) | |
| COUNTRY STORES INC., | ) | |
| ABC CORPORATION, and | ) | |
| JOHN DOE | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

### RULE 5.2 CERTIFICATE OF DISCOVERY MATERIALS

COMES NOW, Plaintiff, Tyrone Rawls., in the above styled action by and through its Counsel of

Record and certifies pursuant to Uniform Superior Court Rule 5.2 (2) that true and correct copies of:

- *Plaintiff's First Interrogatories to Defendant Love's Travel Stops and Country Store Inc*

- *Plaintiff's First Request for Production of Documents to Defendant Love's Travel Stops and Country Store Inc*

- *Plaintiff's First Request for Admissions to Defendant Love's Travel Stops and Country Store Inc.*

The referenced discovery has been served upon all parties to this matter at the same time of

service of the file stamped complaint for personal injuries and summons.

Dated this 15th day of June 2022.

Respectfully submitted,

THE DUCOS LAW FIRM, LLC
Alexander Shunnarah Trial Attorneys, of Counsel.

*/s/ Kristina Ducos*

*Kristina Ducos*
Georgia State Bar No. 440149
Attorney for Plaintiff

600 Peachtree St NE, Suite 3710
Atlanta, Georgia 30308
O: (678) 628-2667
F: (470) 220-5130

Kducos@asilpc.com

# SUPERIOR COURT OF BARTOW COUNTY
## STATE OF GEORGIA

⚖ **EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
BARTOW COUNTY, GEORGIA

**SUCV2022000750**

**JUN 15, 2022 08:37 AM**

*Melba Scoggins*
Melba Scoggins, Clerk
Bartow County, Georgia

CIVIL ACTION NUMBER  <u>SUCV2022000750</u>

RAWLS , TYRONE
_____
**PLAINTIFF**

                                        **VS.**

LOVE'S TRAVEL STOPS AND COUNTRY
STORES INC , DBA LOVES TRUCK STOP
ABC CORPORATION
DOE, JOHN
_____
**DEFENDANTS**

## SUMMONS

TO: ABC CORPORATION

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

> **Kristina Ducos**
> **THE DUCOS LAW FIRM**
> **600 PEACHTREE ST NE**
> **SUITE 3710**
> **Atlanta, Georgia 30308**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 15th day of June, 2022.**

Clerk of Superior Court

*Melba Scoggins*
_____
Melba Scoggins, Clerk
Bartow County, Georgia

Page 1 of 1

# SUPERIOR COURT OF BARTOW COUNTY
## STATE OF GEORGIA

☐ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
BARTOW COUNTY, GEORGIA

**SUCV2022000750**

**JUN 15, 2022 08:37 AM**

*Melba Scoggins*
Melba Scoggins, Clerk
Bartow County, Georgia

CIVIL ACTION NUMBER   SUCV2022000750

RAWLS , TYRONE

_____
**PLAINTIFF**

                                                    **VS.**

LOVE'S TRAVEL STOPS AND COUNTRY
STORES INC , DBA LOVES TRUCK STOP
ABC CORPORATION
DOE, JOHN

_____
**DEFENDANTS**

**SUMMONS**

TO: DOE, JOHN

You are hereby summoned and required to file with the Clerk of said court and serve upon the
Plaintiff's attorney, whose name and address is:

**Kristina Ducos**
**THE DUCOS LAW FIRM**
**600 PEACHTREE ST NE**
**SUITE 3710**
**Atlanta, Georgia 30308**

an answer to the complaint which is herewith served upon you, within 30 days after service of
this summons upon you, exclusive of the day of service. If you fail to do so, judgment by
default will be taken against you for the relief demanded in the complaint.

**This 15th day of June, 2022.**

Clerk of Superior Court

*Melba Scoggins*
_____
Melba Scoggins, Clerk
Bartow County, Georgia